IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § § § |
| v. | §  Criminal Case No. 3:13-CR-038-P |
| ROBERTO FLORES, | § § § |
| Defendant. | § |

## FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count One of the Indictment charging a violation of 8 U.S.C. § 1326(a), ROBERTO FLORES, ("Mr. Flores"), and his counsel, Assistant Federal Public Defender John M. Nicholson, stipulate and agree to the following:

### I.   ELEMENTS OF THE OFFENSE

In order to prove a violation of 8 U.S.C. § 1326(a) as alleged in the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant was an alien at all times alleged in the Indictment;

2. That the defendant had previously been deported or removed from the United States of America;

3. That sometime after being removed from the United States of America, the defendant was found in the United States of America; and

4. That the defendant had not received the express consent of the Attorney General of the United States of America or the Secretary of the Department of Homeland Security to reapply for admission since the time of his previous deportation or removal.

## II. PUNISHMENT FOR THE OFFENSE

The maximum penalties that a district court can impose for a violation of 8 U.S.C. § 1326(a) include the following:

1. imprisonment for a period not to exceed twenty years;

2. if probation is imposed, the term of probation cannot be less than one nor more than five years;

3. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

4. the sentencing court may impose a term of supervised release not to exceed three years; if the defendant violates the conditions of supervised release, he could be imprisoned for up to three years, but for no more than two years at one time; and

5. a mandatory special assessment of $100.00.

## III. SENTENCING IN THIS CASE

Mr. Flores has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the District Court after it has considered the Guidelines and the factors included in 18 U.S.C. § 3553(a). However, the Guidelines are binding and the District Court, in its discretion, may sentence Mr. Flores to the statutory maximum penalties, if that is a reasonable sentence.

Congress has abolished parole so if the District Court sentences Mr. Flores to a term of imprisonment, he will not be released on parole. As a non-U.S. citizen, Mr. Flores understands that the instant conviction could negatively affect his ability to ever gain legal status in the United States. Mr. Flores understands that a conviction for the instant offense is a felony conviction and that a felony conviction may deprive him of valuable civil rights, including the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess a firearm.

## IV. CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Mr. Flores understands that he has the following constitutional rights:

1. the right to plead not guilty to the charged offense;

2. the right to have a speedy trial by a jury;

3. the right to have his guilt proven beyond a reasonable doubt;

4. the right to confront and cross-examine witnesses and to call and subpoena witnesses in his defense; and

5. the right to not be compelled to incriminate himself.

Mr. Flores waives the aforementioned rights and pleads guilty to the offense alleged in the one-count Indictment charging him with violating 8 U.S.C. § 1326(a). Mr. Flores understands the nature and the elements of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## V. STIPULATED FACTS

On or about December 16, 2012, in the Dallas Division of the Northern District of Texas, Roberto Floes, an alien, was found in the United States of America. He had previously been removed therefrom on or about July 14, 2008. Prior to his reentry into the country, Mr. Flores did not receive the express consent of the Attorney General of the United States of America or the Secretary of the Department of Homeland Security to reapply for admission since the time of his previous removal. This conduct is a violation of 8 U.S.C. § 1326(a).

## VI. VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Flores has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense, the statutory penalties, and the Guidelines and 18 U.S.C. § 3553(a) with his attorney. Mr. Flores has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and he is satisfied with his attorney's representation of him in this case. Mr. Flores concedes that he is guilty of offense alleged in Count One of the one-count Indictment and that it is in his best interests to plead guilty rather than to proceed to trial.

**AGREED TO AND SIGNED** this 27th day of FEB, 2013.

_____
ROBERTO FLORES
Defendant

_____
JOHN M. NICHOLSON
Assistant Federal Public Defender
Attorney for Roberto Flores