**ORIGINAL**

CLERK US DISTRICT COURT
NORTHERN DIST. OF T^
FILED
2013 AUG 23 PM 3:52

DEPUTY CLERK _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CR NO. 3:13-CR-038-P |
| | § | |
| ROBERTO FLORES, | § | ECF |
| Defendant. | § | |

## SENTENCING AGREEMENT

The Defendant, ROBERTO FLORES, previously entered a plea of guilty to the substantive one-count Indictment in this case. To date, the government has declined to move for a third-level reduction under United States Sentencing Commission, Guidelines Manual, § 3E1.1(b), because Mr. Flores did not sign the government's plea agreement, but more importantly, he did not waive his right to appeal. After reviewing the PSR, Mr. Flores now agrees to waive his right to appeal in exchange for the government's oral Motion to Reduce the Sentence pursuant to U.S.S.G. § 3E1.1(b).

Specifically, if the government moves at sentencing for a one-level decrease in Mr. Flores' offense level pursuant to U.S.S.G. § 3E1.1(b), he waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. Mr. Flores further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Mr. Flores, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; and (b) to directly or collaterally challenge the voluntariness of his plea of guilty or this waiver, and (c) to directly or collaterally bring a claim of ineffective assistance of counsel.

Agreed to and signed this \_\_19th\_\_ day of \_\_August\_\_, 2013.

_____
ROBERTO FLORES
Defendant

_____
JOHN M. NICHOLSON
Attorney for Mr. Roberto Flores

_____
PAUL YANOWITCH
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242